QUESTIONS: 1. Do the provisions of the Federal Elections Campaign Act of 1971, as amended by the Federal Elections Campaign Act Amendments of 1974, Public Law 93-443, supersede and preempt the provisions of Ch. 106, F.S., which require reports of campaign financing activity by candidates for federal office and, if so, as of what date? 2. Do the provisions of the previously mentioned federal legislation supersede and preempt the provisions of s. 111.011, F.S., which require semiannual reports of certain gifts to elected public officials, insofar as those provisions apply to elected federal officers? 3. Do the provisions of the previously mentioned federal legislation supersede and preempt the provisions of Ch. 112, F.S., as amended by Chs. 74-176 and 74-177, Laws of Florida, which require disclosure statements to be filed by officers and candidates for office, insofar as those provisions apply to federal officers and candidates for election to federal office?
SUMMARY: The 1974 amendments to the Federal Elections Campaign Act of 1971 have the effect of preempting and superseding state regulations pursuant to Ch. 106, F.S., of campaign financing activity of candidates for election to federal office. Section 111.011, F.S., does not appear to have been preempted or superseded by the amendatory federal legislation. Requests for advisory opinions respecting application of the Code of Ethics and Financial Disclosure Act should be addressed to the Commission on Ethics. AS TO QUESTION 1: In several prior opinions I have had occasion to consider questions respecting state regulation of campaign activities of candidates for federal office in light of the Federal Election Campaign Act of 1971, Pub.L. No. 92-225. Attorney General Opinions 072-58, 072-289, 073-417, 074-23, 074-44, and 074-64. And, as I noted in AGO 073-417, the general rule with respect to state regulation in this field is that . . . though the State Legislature may prescribe the means of holding elections for U.S. Senators and Representatives, Congress is empowered to make or alter such regulations as it may deem appropriate. See U.S. Constitution, Article I, s. 4. . . . [T]he authority of Congress and any state to regulate contributions to congressional officers nominated and elected from the State is a concurrent power. Thus, to the extent that Congress has not restricted state action in regard to campaign contributions and expenditures, the State Legislature is free to enact laws which it deems
appropriate in regard to these elected congressional officials. As originally enacted, the Federal Elections Campaign Act of 1971 expressly recognized this dual regulatory authority by providing in s. 403(a): Nothing in this Act shall be deemed to invalidate or make inapplicable any provision of any State law, except where compliance with such provision of law would result in a violation of a provision of this Act. However, such is no longer the case since the enactment of the Federal Elections Campaign Act Amendments of 1974, Pub.L. No. 93- 443. Section 301 of the amendatory federal legislation amended s. 403 of the original act so as to now read: Sec. 403. The provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office. The legislative history respecting the above-quoted amendment appears at 1974 U.S. Code Cong. and Admin. News, p. 5066, and includes the following: It is clear that the Federal law occupies the field with respect to reporting and disclosure of political contributions to and expenditures by Federal candidates and political committees, but does not affect State laws as to the manner of qualifying as a candidate, or the dates and places of elections. In view of the foregoing express manifestation of an intent to "supersede and preempt any provision of state law with respect to election of federal office" and the further clarification provided by the legislative history, it is without question that the effect of the amendment of s. 403 of the federal act is to exclude the several states from regulating any aspect of the campaign financing activities of candidates for federal elective office. Although most provisions of the Federal Elections Campaign Act Amendments of 1974 became effective January 1, 1975, it is specifically provided that the amendment to s. 403 of the prior act "shall become effective on the date of the enactment of this Act." The amendatory federal legislation was approved on October 15, 1974. Accordingly, it would appear that since October 15, 1974, provisions of Ch. 106, F.S., regulating campaign financing activities are no longer applicable to candidates for election to federal office. AS TO QUESTION 2: Section 111.011, F.S., which requires semiannual reports of certain gifts, donations, and payments of money, is applicable only to an "elected public officer" — and specifically includes an individual holding an elective national office. Section 111.011 thus has no application to candidates for office or to campaign contributions. Accordingly, I am of the view that s. 111.011 has not been superseded or preempted by the 1974 amendments to the federal legislation regulating election campaigns. Inasmuch as s. 111.011 specifically includes elected national officers within its scope, I am of the view that such officers should continue to file the semiannual reports required by the statute, pending legislative or judicial clarification. AS TO QUESTION 3: I must decline to answer your question respecting the effect of the amendatory federal legislation on the provisions of Ch. 112, F.S., as amended by Chs. 74-176 and 74-177, Laws of Florida. Chapter 74-177 substantially amended the old Standards of Conduct Law; and a companion bill, Ch. 74-176, Laws of Florida, repealed the provision of the old law requiring the Attorney General to render advisory opinions concerning applicability of the law in a particular situation. Chapter 74-176, supra, created a Commission on Ethics to investigate complaints of violations of the Code of Ethics as well as render advisory opinions to public officers or employees who are in doubt as to the applicability and interpretation of the new act in a particular context. Chapter 74-176 provides also that the commission's opinion . . . until amended or revoked shall be binding on the conduct of the officer or employee who sought the opinion, unless material facts were omitted or misstated in the request for the advisory opinion. Rather than taking the liberty of forwarding your letter to the commission, I would suggest that you write to the commission directly if you still require an answer to your third question.